UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASION COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UBIQUITI NETWORKS, INC., <br><br> Defendant. | No. C-13-1803 EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> **(Docket No. 35)** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Tasion Communications, Inc.'s motion for leave to file an amended complaint. Defendant Ubiquiti Networks, Inc. has opposed the motion. The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motion set for December 11, 2013. For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.

## II. PROCEDURAL BACKGROUND

The underlying facts of this case have been laid out in detail in this Court's August 26, 2013 order granting-in-part and denying-in-part Defendant's motion to dismiss, and the Court will not restate them in the instant Order. Dkt. No. 27; *Tasion Communications, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803, 2013 WL 4530470 (N.D. Cal. Aug. 26, 2013).

Plaintiff's original complaint asserted two causes of action—negligence and negligent misrepresentation. Dkt. No. 1, at 25, 27. In its prior order, the Court granted Defendant's motion to dismiss to the extent that Plaintiffs sought to recover "economic losses" as a result of the alleged

defect in Defendant's "TOUGHCable" product. Under California's economic loss doctrine, "a plaintiff may not recover in tort for its economic losses." *Tasion*, 2013 WL 4530470, at *9. "'Economic loss consists of damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits – without any claim of personal injury or damages to other property." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (citation and internal quotation marks omitted). Under California's economic loss doctrine, "a plaintiff may not recover in tort for its economic losses." *Tasion*, 2013 WL 4530470, at *9. Accordingly, the Court held that while Plaintiffs had stated a claim to the extent its complaint alleged that the defect in the TOUGHCable damaged radios (i.e., "other property"), it could not "recover . . . the costs incurred in replacing the defective TOUGHCable." *Id.*

On October 28, 2013, Plaintiffs filed the instant motion for leave to file an amended complaint.[1] Dkt. No. 35. Plaintiffs seek to add, by way of amendment, two Plaintiffs—International Power Systems, LLC (d/b/a Freeway Networks) and Fundamental Holdings, Corp. (d/b/a/ Peak Internet). *Id.* at 2. Further, Plaintiffs seek to add as Defendant Streakwave Wireless, Inc. *Id.* at 3. Finally, Plaintiffs seek to add new causes of action, including breach of express and implied warranty against both defendants, breach of written warranty pursuant to the Magnuson-Moss Warranty Act, and other state-specific warranty claims. *Id.* at 3. With the exception of the added parties and claims, the factual allegations in the proposed amended complaint are essentially identical to those in the original complaint. *Compare* Dkt. No. 1, *with* Docket No. 35-1.

### III. DISCUSSION

Rule 15(a)(1) permits a party to amend its pleading once as a matter of right within (1) 21 days of serving it or (2) 21 days after a responsive pleading or Rule 12 motion has been filed. Fed. R. Civ. P. 15(a)(1). Under all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has been clear: Rule 15's stated

---

[1] Plaintiff indicated its intention to file the instant motion at the September 26, 2013 case management conference. Dkt. No. 34, at 1.

2

policy that leave to amend should be freely given should be applied with "extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011).

The Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962) articulated a number of factors that a district court is to consider in determining whether to grant a party leave to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rule require, be "freely given."

*Id.* at 182. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Defendant first argues that because the negligence and negligent misrepresentation claims in the proposed amended complaint seek economic damages that this Court has already excluded, Plaintiff's motion should be denied. Dkt. No. 37. It argues that the inclusion of the same requested damages is indicative of bad faith and will prejudice Defendants. Defendants are correct that the amended complaint's negligence and negligent misrepresentation claims include paragraphs which allege that Defendant's negligence proximately caused damages in the form of

> purchasing defective TOUGHCable, installing the TOUGHCable, repairing the TOUGHCable, repairing damages caused by the TOUGHCable, addressing the costs of removing and replacing the TOUGHCable, including replacement costs, transportation costs, import duties, worker and employee hours, travel time, and lost business due to equipment failures.

Dkt. 35-1, at ¶¶ 153, 169. This Court has previously ruled that Plaintiff may not recover these damages under the negligence or negligent misrepresentation causes of action because of California's "economic loss" doctrine.

However, the Court finds that the inclusion of these paragraphs does not suggest bad faith on the part of Plaintiff and will not prejudice Defendant. Plaintiffs motion for leave to file the amended complaint recognizes that the Court "greatly limited the damages available to Tasion via the current causes of action in the complaint" and that in order to fully compensate Tasion, it seeks to "include

additional causes of action which would permit a wider basis for damages." Dkt. No. 35, at 5. In short, the proposed amendment is responsive to this Court's ruling.

The inclusion of these paragraphs does not prejudice Defendant. Defendant argues that, if amendment is permitted, it, and the Court, will have to "repeat the previous motion to dismiss." Dkt. No. 37, at 3. This is not so. As all parties acknowledge, the Court has already dismissed any economic damages claim under the negligence and negligent misrepresentation causes of action. Plaintiff's amendment does not change this fact.[2] Out of an abundance of caution, however, the Court will **STRIKE** paragraphs 153 and 169 from the proposed amended complaint.

Defendant's second argument is that Plaintiff intentionally omitted breach of warranty claims from its initial complaint. Dkt. No. 37, at 3-4. Defendants thus argue that the fact that Plaintiff is *now* seeking to add these claims (after this Court's prior order) demonstrates Plaintiff's bad faith and will cause undue delay. The Court disagrees.

At the hearing on the motion to dismiss, Plaintiff's counsel admitted that it was a strategic decision to omit a breach of contract claim from its original complaint, explaining:

> Q: I'm sort of curious, is the reason there is no contract claim brought here because of a limitation in the contract or somehow a contract action is not a viable claim at this point?
>
> A: Your honor, frankly, it was a strategic decision. We were looking at also filing a number of other claims. We thought we would file a negligence claim against Ubiquiti. . . we . . . based upon what we understand about the company, they seem to be a company that stands up and abides by its obligations, we thought we would file the lawsuit and that they would engage in communications with us.[3]

---

[2] The Court notes that Plaintiffs proposed amended complaint adds as plaintiffs an Arizona LLC and a Colorado corporation. If Plaintiffs intend to assert that Arizona and Colorado law applies to the claims brought by these plaintiffs, Plaintiffs are advised that the Court's earlier ruling regarding the economic loss doctrine will apply to those claims as well. *See, e.g.*, *Flagstaff Affordable Housing Ltd. Pt'shp v. Design Alliance, Inc.*, 223 P.3d 664, 667 (Ariz. 2010) (en banc); *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000) (en banc).

[3] In their opposition to Plaintiff's motion, Defendants state that "Plaintiff's counsel dissembled but acknowledged that Plaintiff made a deliberate strategic decision to seek only tort damages." Dkt. No. 37, at 3. "Dissemble" means "[t]o give a false impression about (something)" or "to cover up (something) by deception." Black's Law Dictionary (8th ed. 2004). Based on what transpired at the hearing, Defendant's accusation is at best unhelpful and at worse disingenuous. The first question the Court asked either party was why Plaintiff did not bring a breach of contract claim. Plaintiff's answer was clear and direct: it had been a strategic decision. "Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect." *Ahanchian*

4

Plaintiff then indicated that it would possibly seek to amend to add additional claims, including contract-based claims. Defendants are therefore correct that Plaintiffs could have, and arguably should have, filed the breach of warranty actions in its original complaint. But this, without more, is not a basis for denying Plaintiff leave to amend. *See Langbord v. U.S. Dep't of Treasury*, 749 F. Supp. 2d 268, 276 (E.D. Pa. 2010) ("The history of this case reveals that the Government chose not to seek a [declaratory judgment] because it pursued a misguided legal strategy, not to gain a tactical advantage. At bottom, though the Government should have brought the claim when it answered Plaintiffs' 2006 complaint, as it admits it could have, no evidence exists to suggest that bad faith motivated its decision not to."); *see also King v. Cardinal Health 411, Inc.*, No. 5:10CV112, 2011 WL 5967256, at *2-3 (N.D. W.Va. Nov. 29, 2011) (permitting leave to amend to assert an FMLA claim despite plaintiffs "consistently represent[ing] to the Court that she did not, and never intended to, assert a federal claim against the defendants"). Plaintiff obtained no real tactical advantage in withholding these claims from the original complaint. Accordingly, the Court finds that there is no indication in the record that Plaintiff's decision to amend its complaint at this early stage was motivated by bad faith or to secure a tactical advantage over Defendant. *See Ali v. D.O.C.*, No. 08-2425 (FSH), 2008 WL 5111274 (D.N.J. Nov. 25, 2008) ("Lastly, the record does not indicate . . . that plaintiff has acted in any way to obtain a tactical advantage by adding the proposed additional claims or defendants at this time.").

Finally, Defendants argue that Plaintiff's proposed warranty claims are foreclosed by Defendant's limited warranty and that the failure of Plaintiff's to acknowledge it in their amended complaint is further evidence of their bad faith. Defendant points to four facts to show that Plaintiff "knew about the written Limited Warranty" when it filed the original complaint: (1) that the advertising brochure submitted with the Complaint references the warranty; (2) Plaintiffs "admit" to knowing that there were conditions on the warranty; (3) Plaintiffs "admit" to visiting the website

---

*v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (2010). Accordingly, accusations of dishonesty on the part of opposing counsel should be reserved for those instances where the record clearly supports the charge, and not used as a mere rhetorical flourish.

5

where the limited warranty was predominantly displayed; and (4) Plaintiff was provided a copy of the limited warranty when it was attached to Defendant's prior motion to dismiss.

The Court finds that Defendants have not made a strong showing of bad faith as required by *Foman*. *See Eminence Capital,* 316 F.3d at 1052. First, that Defendant's attached a copy of the limited warranty to the motion to dismiss is irrelevant to the question of Plaintiff's knowledge at the time the original complaint was filed. Second, the advertisement attached to the original complaint only says the following regarding the warranty: "The Ubiquiti radio device must be professionally installed. Shielded ethernet cable and earth grounding must be used as conditions of product warranty. It is the installers responsibility to follow local county regulations including operation within legal frequency channels, output power, and Dynamic Freuqnecy Selection (DFS) requirements." Dkt. 1, at 37. Thus, in context, it is apparent that this reference to "conditions of product warranty" refers to warranties on *other* products (namely, the Ubiquiti radio device). This is entirely consistent with the original complaint's allegations at paragraph 31. Finally, there is nothing in the original complaint in which Plaintiff admits having visited Ubiquiti's website and seen the limited warranty during the relevant period. The original complaint merely alleges that misrepresentations were made, among other places, on Ubiquiti's home page. Dkt. No. 1, at ¶ 73. Accordingly, the Court finds no indication that Plaintiff's have engaged in bad faith or deliberate concealment of material facts.

To the extent that Defendants allege that amendment would be futile because the limited warranty, which was allegedly available on Defendants' website, forecloses Plaintiff's proposed warranty claims, the Court declines to rule on this question in the context of a motion for leave to amend. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534 (N.D. Cal. 2003) (denial of leave to amend on futility grounds is "rare" because "[o]rdinarily, courts will defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed"). Plaintiff's claims are not so facially frivolous that the Court will conclude it would be futile to permit Plaintiff to assert them. This is, however, without prejudice to Defendant raising any arguments against the new claims in a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. This order disposes of Docket No. 35.

IT IS SO ORDERED.

Dated: December 2, 2013

_____
EDWARD M. CHEN
United States District Judge