UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASION COMMUNICATIONS, INC., *et al.*, | No. C-13-1803 EMC |
| Plaintiffs, | |
| v. | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| UBIQUITI NETWORKS, INC., *et al.*, | |
| Defendants. _____/ | |

On March 14, 2014, the Court issued an order granting Defendants' motion to dismiss with leave to amend. Additionally, the Court ordered Plaintiffs' to show cause why they should not be required to pay the expenses incurred by Defendants' counsel in crafting their motion to dismiss as to Plaintiffs' breach of warranty claims. Docket No. 80, at 20. This order to show cause was based on what was perceived to be the inexplicable omission of relevant factual material from Plaintiffs' original and first amended complaints – material which if plead may have obviated the need for at least a portion of the motion to dismiss.

Plaintiffs' have filed their response to the order to show cause. The Court finds that Plaintiffs' counsel has provided a sufficient explanation for the omission of the facts at issue from the complaints. The Court is convinced that the omission was not the result of gamesmanship or bad faith, but rather the result of counsel's belief regarding what needed to be pleaded to state a claim based on his legal analysis. Accordingly, the order to show cause is **DISCHARGED**.

The Court takes this opportunity to advise both parties of the level of professionalism it will expect from counsel on both sides going forward. The Ninth Circuit has recognized the importance of attorneys treating each other with the upmost civility and respect. In *Ahanchian v. Xenon*

*Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010), the Court explained: "Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case." *Id.* at 1263.  In this way, the adversarial system also "relies on attorneys to treat each other with a high degree of civility and respect." *Id.*; *see also Batement v. U.S. Postal Service*, 231 F.3d 1220, 1223 n.2 (9th Cir. 2000) ("[A]t the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values.").

The Court is concerned by certain behavior by counsel for both sides in this action.  In the brief time this case has been proceeding before the Court, the Court has observed counsel imputing dishonesty to opposing counsel, counsel repeatedly interrupting each other at a hearing, and strenuous (and repeated) opposition to the other side's reasonable requests.  Such actions may, in some way, be seen as those of a zealous advocate, but they are not the actions of a civil one.  Counsel are reminded that attorneys in this State, and before this Court, must be both.  *See* Cal. Attorney Guidelines of Civility & Professionalism § 1 ("The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities.  They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.")

IT IS SO ORDERED.

Dated: March 24, 2014

_____
EDWARD M. CHEN
United States District Judge

2