N. KATHLEEN STRICKLAND (SBN 64816)
LAEL D. ANDARA (SBN 215416)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA  94105-5173
Telephone:     (415) 543-4800
Facsimile:      (415) 972-6301
Email:          kstrickland@rmkb.com
                landara@rmkb.com
                dcourteau@rmkb.com
                jzucker@rmkb.com

Attorneys for Defendant
UBIQUITI NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TASION COMMUNICATIONS INC., a Canadian corporation, dba Planet Telecom, on behalf of itself and all other similarly situated, *et al.* | CASE NO.  3:13-CV-01803-EMC **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| Plaintiff, | |
| v. | |
| UBIQUITI NETWORKS, INC., a Delaware corporation, *et al.* | |
| Defendant. | Action Filed: April 19, 2013 |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purposes of this litigation.

1. **PURPOSE**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that **this Protective Order does not entitle them to file confidential information under seal**; **Civil Local Rule 79-5** sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The parties acknowledge that this Protective Order is not intended as a concession that any type or category of information is discoverable in this action.

The parties further acknowledge, as outlined in *United States District Court Northern District of California – Guidelines for the Discovery of Electronically Stored Information* ("ESI Guidelines"), that this Protective Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this matter.

**3.     DEFINITIONS**

**3.1     Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Protective Order.

**3.2     "CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and the terms of this Protective Order.

**3.3     Counsel** (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

**3.4     Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

STIP. PROT. ORDER FOR LIT. INVOLVING
HIGHLY SENSITIVE CONF. INFO. AND/OR
TRADE SECRETS; [PROPOSED] ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**3.5    Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**3.6    Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party's competitor, (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, and (4) has no direct or monetary interest in the outcome of the litigation.

**3.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential Items or Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be encrypted by the Receiving Party and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list.

**3.8    House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**3.9    Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**3.10    Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and/or have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**3.11    Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**3.12    Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**3.13    Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.14    Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**3.15    Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  In the event of a dispute as to the "public" status of information, the burden shall be on the Party challenging the designation to establish that information is in the public domain and/or was known to the Receiving Party prior to disclosure by the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

2    or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

3    dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

4    judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

5    reviews of this action, including the time limits for filing any motions or applications for

6    extension of time pursuant to applicable law.

7    **6.    DESIGNATING PROTECTED MATERIAL**

8         **6.1    Exercise of Restraint and Care in Designating Material for Protection**. Each

9    Party or Non-Party that designates information or items for protection under this Protective Order

10   must take care to limit any such designation to specific material that qualifies under the

11   appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

12   for protection only those parts of material, documents, items, or oral or written communications

13   that qualify – so that other portions of the material, documents, items, or communications for

14   which protection is not warranted are not swept unjustifiably within the ambit of this Protective

15   Order.

16        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

18   unnecessarily encumber or retard the case development process or to impose unnecessary

19   expenses and burdens on other parties) expose the Designating Party to sanctions.

20        If it comes to a Designating Party's attention that information or items that it designated

21   for protection do not qualify for protection at all or do not qualify for the level of protection

22   initially asserted, that Designating Party must promptly notify all other parties that it is

23   withdrawing the mistaken designation.

24        **6.2    Manner and Timing of Designations**. Except as otherwise provided in this

25   Protective Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated

26   or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective

27   Order must be clearly so designated before the material is disclosed or produced.

28        Designation in conformity with this Protective Order requires:

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

(a)      *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. **During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until a different designation is provided by the Producing Party.** After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      *for testimony given in deposition or in other pretrial or trial proceedings*, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party **may invoke on the record** (before the deposition, hearing, or other proceeding is concluded) a right to have **up to 21 days** from the date the deposition is completed or from the

STIP. PROT. ORDER FOR LIT. INVOLVING
HIGHLY SENSITIVE CONF. INFO. AND/OR
TRADE SECRETS; [PROPOSED] ORDER

date the deponent or party reviews and corrects the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. **The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) *for information produced in some form other than documentary and for any other tangible items*, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. **During the**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until a different designation is provided by the Producing Party.** Should Producing Party object to the production, prior to production the Producing Party shall have fourteen (14) days to request judicial intervention of the objection as set forth below in section 7.3, or withdraw its objection and produce the requested information.

      **6.3    Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. In the event a Designating Party inadvertently fails to designate qualified material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the forgoing procedures, the Designating Party shall provide supplemental written notice designating the material under the appropriate confidentiality designation as soon as practicable and shall also transmit to the Receiving Party the qualified material with the appropriate designation as soon as practicable. Upon receipt of such supplemental written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      **7.1    Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      **7.2    Meet and Confer**. The Challenging Party shall initiate the dispute resolution process in compliance with Civil L.R. 37-1, by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**7.3     Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil L.R. 7 (and in compliance with Civil L.R. 79-5, if applicable), within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the Local Rules, as set forth in the preceding paragraph, and Judge's Standing Order, if applicable. Failure by the Designating Party to proceed in accordance with the meet and confer requirements, Local Rules, Judge's Standing Order, and this Protective Order within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court may indicate a different procedure and the parties are required to follow the protocol set by the Court.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.      ACCESS TO AND USE OF PROTECTED MATERIAL**

**8.1      Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  **Data designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** will be encrypted and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list.

**8.2      Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A,

(b)      the officers, directors, and employees (including House Counsel and legal staff) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2          (c)     Experts (as defined in this Protective Order) of the Receiving Party to

3   whom disclosure is reasonably necessary for this litigation and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          (d)     the Court and its personnel;

6          (e)     court reporters and their staff, professional jury or trial consultants, and

7   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

8   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (f)     during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

12  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

13  separately bound by the court reporter and may not be disclosed to anyone except as permitted

14  under this Protective Order; and

15         (g)     the author or recipient of a document containing the information or a

16  custodian or other person who otherwise possessed or knew the information.

17     **8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

18  **Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the

19  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

22  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

24  Bound" that is attached hereto as Exhibit A; the officers and directors of the Receiving Party to

25  whom disclosure is reasonably necessary for this litigation and who have signed the

26  "Acknowledgment and Agreement to be Bound" (Exhibit A) with agreement to limit the use of

27  this information to discussions with their counsel and for no other purpose;

28  / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

(b)     House Counsel (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 8.4(a), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4(b), below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants,  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Counsel or Experts**.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the House Counsel and the city and state of his or her residence, and (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(b)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

EYES ONLY" pursuant to paragraph 8.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years.

(c)     In the case of such a disclosure of *"HIGHLY CONFIDENTIAL ATTORNEY – EYES ONLY"* material to the officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) with agreement to limit the use of this information to discussion with their counsel and for no other purpose, the individual(s) viewing the documents on behalf of the Receiving Party will be specifically identified and notice provided to the Designating Party seven (7) days prior to the disclosure of the designated material.  Furthermore, the number of officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this litigation will not exceed three (3) individuals, and the information will not be disseminated or transmitted within the organization either directly or indirectly.

(d)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(e)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

1   agreement within seven (7) days of the written objection. If no agreement is reached, the Party

2   seeking to make the disclosure to the House Counsel or the Expert may file a motion as provided

3   in Civil L.R. 7 (and in compliance with Civil L.R. 79-5, if applicable) and in accordance with the

4   Judge's Standing Order, if applicable, seeking permission from the Court to do so. Any such

5   motion must describe the circumstances with specificity, set forth in detail the reasons why the

6   disclosure to House Counsel or the Expert is reasonably necessary, assess the risk of harm that the

7   disclosure would entail, and suggest any additional means that could be used to reduce that risk.

8   In addition, any such motion must be accompanied by a competent declaration describing the

9   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

10  confer discussions) and setting should set forth the reasons advanced by the Designating Party for

11  its refusal to approve the disclosure.

12      In any such proceeding, the Party opposing disclosure to the House Counsel or the Expert

13  shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

14  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

15  its House Counsel or Expert.

16      Failure to object to access to House Counsel or a proposed Expert shall not preclude any

17  party from later objecting to continued access by that House Counsel or Expert where facts

18  suggest a basis for objecting could not have been discovered by the objecting party within the

19  time for making timely objection. If a later objection is made, no further Protected Matter shall be

20  disclosed to the House Counsel or Expert until the matter is resolved by the parties through the

21  meet and confer process, by the Court, or the objecting Party withdraws its objection.

22  **9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

23      If a Party is served with a subpoena or a court order issued in other litigation that compels

24  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

26          (i)     promptly notify in writing the Designating Party. Such notification shall

27  include a copy of the subpoena or court order;

28  / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

(ii)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(iii)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**10.1**    The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.2**    In the event that a Party is required, by a valid discovery request, subpoena, or order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)     promptly notify in writing the Requesting Party. Such notification shall include a copy of the request, subpoena or order;

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    (ii)    promptly notify in writing the party who caused the request, subpoena or

2  order to issue in the other litigation that some or all of the material covered by the request,

3  subpoena or order is subject to this Protective Order. Such notification shall include a copy of this

4  Protective Order; and

5    (iii)    make the information requested available for inspection by the Non-Party;

6    (iv)    If the Non-Party fails to object or seek a protective order from this Court

7  within fourteen (14) days of receiving the notice and accompanying information, the Receiving

8  Party may produce the Non-Party's confidential information responsive to the discovery request,

9  subpoena or order. If the Non-Party timely seeks a protective order, the Receiving Party shall not

10 produce any information in its possession or control that is subject to the confidentiality

11 agreement with the Non-Party before a determination by the Court. Absent a court order to the

12 contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its

13 Protected Material.

14 **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16 Material to any person or in any circumstance not authorized under this Protective Order, the

17 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material

19 and return, delete, or otherwise destroy all copies, (c) inform the person or persons to whom

20 unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such

21 person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

22 hereto as Exhibit A.

23 **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

24    **12.1**    When a Producing Party gives notice to Receiving Parties that certain

25 inadvertently produced material is subject to a claim of privilege or other protection, the

26 obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

27 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if a Producing Party inadvertently

28 discloses to a Receiving Party information that is privileged or otherwise immune from discovery,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party asserting the privilege is not required to make a showing prior to the return of the designated material, other than as required by Federal Rules of Civil Procedure rule 26(b)(5). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  The recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006.

**12.2    The Receiving Party will return such inadvertently-produced item or items of information and destroy copies thereof within ten (10) days** of receiving a written request for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.  This provision is intended to be consistent with Federal Rule of Evidence 502 and is not to be construed to expand or diminish any party's rights or obligations as described in FRE 502.

**13.    MISCELLANEOUS**

**13.1    Right to Further Relief**. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

**13.2    Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

**13.3    Privilege Logs**. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b), or any other applicable privilege or immunity. For documents so withheld, the party withholding the documents shall prepare a log consistent with Fed. R. Civ. P. 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protection, which shall be produced within fourteen (14) days of the date responses to Request for Production are required by Fed. R. Civ. P. 34. Counsel for either party need not list in any such log any privileged documents or communications between their firm and their client created after the filing of this action.

**13.4    Filing Protected Material**. In the event a party wishes to use any Protected Matter in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Material used therein shall be filed under seal with the Court in accordance with all applicable local rules. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil L.R. 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil L.R. 79-5, a sealing order will issue only upon a request showing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil L.R. 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil L.R. 79-5(f) unless otherwise instructed by the Court.

**13.5**    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**13.6**    The party or parties receiving Protected Material shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Material or any information contained therein.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the aforementioned 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 12, 2014                    ROPERS, MAJESKI, KOHN & BENTLEY


By:    /s/ N. Kathleen Strickland
        N. KATHLEEN STRICKLAND
        LAEL D. ANDARA
        DEVIN C. COURTEAU
        JUSTIN A. ZUCKER
        Attorneys for Defendant
        UBIQUITI NETWORKS, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    Dated: September 12, 2014                    LECLAIRRYAN

2

3                                                 By:___/s/ Brian S. Inamine_____
                                                  CHARLES H. HORN
4                                                 BRIAN S. INAMINE
                                                  LINDSEY LIBED
5                                                 Attorneys for Defendant
                                                  STREAKWAVE WIRELESS, INC.
6
     Dated: September 12, 2014                    THE LAW OFFICES OF ALAN
7                                                 HIMMELFARB

8

9                                                 By:___/s/ Alan Himmelfarb_____
                                                  ALAN HIMMELFARB
10                                                Attorneys for Plaintiffs
                                                  TASION COMMUNICATIONS INC., *et*
11                                                *al.*

12   Dated: September 12, 2014                    PARISI & HAVENS LLP

13

14                                                By:___/s/ Alan Himmelfarb_____
                                                  DAVID C. PARISI
15                                                SUZANNE HAVENS BECKMAN
                                                  Attorneys for Plaintiffs
16                                                TASION COMMUNICATIONS INC., *et*
                                                  *al.*
17

18             **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

19         I, N. Kathleen Strickland, am the ECF user whose identification and password are being

20   used to file the foregoing Stipulated Protective Order for Litigation Involving Highly Sensitive

21   Confidential Information and/or Trade Secrets.  I hereby attest that the above-referenced

22   signatory to this Joint Case Management Statement has concurred in this filing.

23

24   Dated: September 12, 2014                    By:/s/ N. Kathleen Strickland_____
                                                  N. Kathleen Strickland
25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

# EXHIBIT A

## *ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND*

I, _____ [print or type full name], of _____ [print or type full address], declare **under penalty of perjury** that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2014, in the case of ***Tasion Communications Inc., et al. v Ubiquiti Networks, Inc., et al.,*** Case No. 13:13-CV-01803-EMC.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[*printed name*]

Signature: _____
[*signature*]

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    **[proposed] ORDER**

2    **PURSUANT TO STIPULATION, IT IS SO ORDERED**

3

4    Entered:    9/16/14                              By: _____

5                                                     ~~HON.~~                  ~~N~~
                                                     ~~UNIT~~               ~~DGE~~

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. PROT. ORDER FOR LIT. INVOLVING
HIGHLY SENSITIVE CONF. IINFO. AND/OR
TRADE SECRETS; [PROPOSED] ORDER

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco