N. KATHLEEN STRICKLAND (SBN 64816)
LAEL D. ANDARA (SBN 215416)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA  94105-5173
Telephone:     (415) 543-4800
Facsimile:      (415) 972-6301
Email:            kstrickland@rmkb.com
                     landara@rmkb.com
                     dcourteau@rmkb.com
                     jzucker@rmkb.com

Attorneys for Defendant
UBIQUITI NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASION COMMUNICATIONS INC., a Canadian corporation, dba Planet Telecom, on behalf of itself and all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO.  3:13-CV-01803-EMC<br><br>**STIPULATED REQUEST FOR ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION; [proposed] ORDER**<br><br>Action Filed: April 19, 2013 |

Pursuant to Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, Plaintiffs Tasion Communications Inc., dba Planet Telecom, International Power Systems, LLC, dba Freeway Networks, and Fundamental Holdings, Corp., dba Peak Internet (collectively, "Plaintiffs"), and Defendants Ubiquiti Networks, Inc., and Streakwave Wireless, Inc. (collectively Defendants") (Plaintiffs and Defendants, collectively "Parties"), by and through their undersigned counsel, hereby stipulate and agree, subject to Court approval, to the following terms governing discovery of electronically stored information ("ESI") in this case:

### 1. PURPOSE

This Stipulated Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. The parties desire to control and focus the production of ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required by Fed. R. Civ. Proc. 1.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include all metadata.  However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.  If during the discovery period additional metadata fields are identified that would facilitate the identification or organization of relevant information, the Parties will work in good faith to include those additional metadata fields that exist.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.  A party's meaningful compliance with this stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations, for example a party's refusal to allow for additional metadata fields, as referenced above, would be evidence of noncompliance.

### 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

///

**4.    PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)    Only ESI created or received between April 19, 2009, to present will be preserved;

b)    The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "expert," and "marketing manager." The parties shall add or remove custodians as reasonably necessary; and

c)    The parties will agree on the number of custodians per party for whom ESI will be preserved.

**5.    SEARCH TERMS**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about appropriate search terms to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.    PRODUCTION FORMATS**

The parties agree pursuant to Fed. R. Civ. P. 34 (b)(2)(E)(i) that the presumption is that data will be produced in native format (i.e., the same form it is used or kept in the normal course of business), and pursuant to Fed. R. Civ. P. 1 to use commercially reasonable efforts to produce the information electronically consistent with Fed. R. Civ. P. 1. The parties further agree that emails, spreadsheets, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals.

ESI not produced in native format and amenable to being imaged will be produced as

images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by Summation load files. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. ESI produced in this manner will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text) and shall include:

- Unitization (including the production number of the first and last page of each file);

- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

- Confidentiality (including any designation pursuant to the Protective Order);

- Source information (the identity of the custodian, or, if none, a generalized location);

- System metadata will be maintained and provided with the native files. The following information will not be removed or scrubbed from the produced files: including author, file size, file type, date created, date modified, title, sender ("from"), primary recipient ("to"), courtesy copy ("cc"), blind courtesy copy ("bcc"), subject, sent time/date, received time/date, last modification time, and read status.

Paper documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by load files. Paper documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. Paper documents produced in this manner will be accompanied by Summation load files with searchable text. If a party desires additional information about a particular paper document produced in this form the parties will meet and confer regarding the appropriate means to supply the additional information.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties

agree to phase the production of ESI. Following the filing of this stipulation the parties initial production will be produced within seven (7) days and the Parties will continue to prioritize the order of subsequent productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The parties agree that privileged and/or work-product-protected communication to or from trial counsel post-dating the filing of the Complaint need not be placed on a privilege log.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 12, 2014                ROPERS, MAJESKI, KOHN & BENTLEY


By:   /s/ N. Kathleen Strickland
    N. KATHLEEN STRICKLAND
    LAEL D. ANDARA
    DEVIN C. COURTEAU
    JUSTIN A. ZUCKER
    Attorneys for Defendant
    UBIQUITI NETWORKS, INC.

Dated: September 12, 2014                LECLAIRRYAN


By:   /s/ Brian S. Inamine
    CHARLES H. HORN
    BRIAN S. INAMINE
    LINDSEY LIBED
    Attorneys for Defendants
    STREAKWAVE WIRELESS, INC.

| | |
|---|---|
| Dated: September 12, 2014 | THE LAW OFFICES OF ALAN HIMMELFARB |
| | By: /s/ Alan Himmelfarb<br>ALAN HIMMELFARB<br>Attorneys for Plaintiffs<br>TASION COMMUNICATIONS INC., *et al.* |
| Dated: September 12, 2014 | PARISI & HAVENS LLP |
| | By: /s/ Suzanne Havens Beckman<br>DAVID C. PARISI<br>SUZANNE HAVENS BECKMAN<br>Attorneys for Plaintiffs<br>TASION COMMUNICATIONS INC., *et al.* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, N. Kathleen Strickland, am the ECF user whose identification and password are being used to file the foregoing Stipulated Request for Order Governing Discovery of Electronically Stored Information. I hereby attest that the above-referenced signatory to this Stipulated Request for Order Governing Discovery of Electronically Stored Information has concurred in this filing.

| | |
|---|---|
| Dated: September 12, 2014 | By: /s/ N. Kathleen Strickland<br>N. Kathleen Strickland |

1   [~~pro~~posed] **ORDER**

2   **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

3   The Parties' Stipulated Request for an Order Governing Discovery of Electronically Stored Information is adopted.

6   Entered: 9/16/14



By: _____
HONORABLE EDWARD CHEN
UNITED STATES DISTRICT JUDGE