UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASION COMMUNICATIONS, INC., *et al.*, | No. C-13-1803 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT** |
| UBIQUITI NETWORKS, INC., *et al.*, | |
| Defendants. | **(Docket No. 170)** |

  Currently pending before the Court is Plaintiffs' motion for leave to file a fifth amended complaint ("5AC"). At the hearing held on June 23, 2015, the Court **GRANTED** Plaintiffs' motion. This order memorializes the Court's oral ruling and provides some additional analysis.

  Federal Rule of Civil Procedure 15 provides in relevant part as follows: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Ninth Circuit law, "[f]ive factors are taken into account [by a court] to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

  The Court is not unsympathetic to Ubiquiti's position that an amendment should not be permitted given the number of times Plaintiffs have already amended their complaint. Nevertheless, that factor is not dispositive.

To the extent Ubiquiti asserts undue delay, the Court finds that there was a fair basis for Plaintiffs not to include a claim for punitive damages until after Exhibit 4 attached to the Himmelfarb declaration was produced.[1]  Under California law, a claim for punitive damages against a corporate employer depends on "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice . . . of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).  Exhibit 4 arguably establishes such knowledge on the part of Ubiquiti's CEO.  Documents produced earlier were arguably insufficient.  For example, Exhibit 13 to the Himmelfarb reply declaration (an e-mail sent to the CEO) addresses problems with the cable but does not indicate that the cable would completely fail.

The Court notes that, at the hearing, Plaintiffs argued that another Ubiquiti employee – Robert Huang – also was an officer, director, or managing agent of the corporation whose actions could be a basis for a punitive damages claim against Ubiquiti.  The Court is skeptical of this position because a managing agent for purposes of § 3294(b) is "more than a mere supervisory employee"; he or she is "someone who exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999).  In their papers, Plaintiffs did not articulate a basis as to how Mr. Huang satisfied this standard.  Moreover, even if Mr. Huang were a managing agent, Plaintiffs have not explained why they did not include a punitive damages claim as part of their TAC given that Exhibit 3 to the Himmelfarb declaration – which Plaintiffs claim is a sufficient basis to assert a punitive damages claim based on Mr. Huang's actions – was produced *prior* to the filing of the complaint.  In short, assuming Mr. Huang was a managing agent, then Ubiquiti has a stronger argument that Plaintiffs did engage in at least some delay in bringing up a punitive damages claim.

That being said, delay, in and of itself, is generally not enough to deny a motion for leave to amend.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (in discussing the first four factors above, stating that the "factors . . . are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend").  Ubiquiti has failed to show how it would be

---

[1] Exhibit 4 was not produced until after the filing of the third amended complaint ("TAC").

prejudiced if the amended were permitted.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating that "it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (noting that "[s]ome courts have stressed prejudice to the opposing part as the key factor").

To the extent Ubiquiti argues futility of the amendment, *see Johnson*, 356 F.3d at 1077 (9th Cir. 2004) (stating that "'[f]utility alone can justify the denial of a motion to amend'"), the Court does not agree.  Even if Ubiquiti took remedial measures to address the problems with TOUGHCable, that should not necessarily preclude punitive damages.  That is, what remedial measures were subsequently taken should not necessarily be dispositive of Ubiquiti's earlier alleged misconduct.  At the very least, Ubiquiti has not cited to any case law establishing otherwise.  Thus, the determination of whether punitive damages should be assessed should be left for the trier of fact.

At the hearing, Ubiquiti offered a new theory of futility but that argument fares no better.  Ubiquiti has failed to show that futility for purposes of Rule 15 can be based on the futility of a motion for class certification.  Indeed, even if no class is certified, that does not mean that punitive damages are off the table with respect to Plaintiffs' individual claims.

Accordingly, Plaintiffs' motion for leave to amend is granted.  Plaintiffs shall file their 5AC within three days of the date of this order.

This order disposes of Docket No. 170.

IT IS SO ORDERED.

Dated:  June 25, 2015

_____
EDWARD M. CHEN
United States District Judge